J-S03038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RUBEN RICHARD CRAIG, III :
:
Appellant : No. 890 WDA 2023

Appeal from the PCRA Order Entered July 17, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000597-2016

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                        **FILED: April 22, 2025**

Ruben Richard Craig, III ("Craig") appeals pro se from the order entered by the Venango County Court of Common Pleas dismissing his serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Craig filed an untimely PCRA petition and failed to establish an exception to the statutory time bar, we affirm.

The facts underlying Craig's convictions arose from an incident that occurred on May 30, 2016, during which Craig stabbed Shawn Schillinger ("Schillinger") multiple times with a knife, resulting in serious bodily injury. On August 18, 2017, a jury found Craig guilty of attempted murder, aggravated assault, and recklessly endangering another person.  On October

---

[1]  42 Pa.C.S. §§ 9541-9546.

3, 2017, the trial court sentenced Craig to an aggregate term of twenty to forty years in prison. On February 1, 2018, Craig filed an untimely notice of appeal. Craig represented himself, with standby counsel, at trial and at sentencing, and proceeded pro se for his direct appeal.

This Court subsequently dismissed the appeal as untimely, but without prejudice for Craig to seek reinstatement of his direct appeal rights nunc pro tunc in the trial court. *See Commonwealth v. Craig*, 2020 WL 416396, at *2 (Pa. Super. Jan. 27, 2020) (non-precedential decision). Craig then filed a motion to appeal nunc pro tunc, which the trial court denied on September 14, 2018, finding that Craig had negligently failed to file his notice of appeal in a timely manner. *Id.* at *3. Craig timely appealed this order.

On November 26, 2018, while his appeal was pending in this Court, Craig filed his first PCRA petition in which he raised a litany of claims, including a challenge to the trial court's denial of his motion to appeal nunc pro tunc and several claims of ineffective assistance of counsel. *See* PCRA Petition, 11/26/2018. On February 7, 2019, the PCRA court dismissed Craig's PCRA petition. Craig did not appeal the denial of his first PCRA petition. Subsequently, on January 27, 2020, this Court affirmed the trial court's denial of Craig's motion to appeal nunc pro tunc. *See Craig*, 2020 WL 416396, at *5.

On November 19, 2020, Craig filed a second PCRA petition that the PCRA court dismissed as untimely. This Court affirmed the dismissal of Craig's

second PCRA petition. **See Commonwealth v. Craig**, 2021 WL 4432725, at *4 (Pa. Super. Sept. 27, 2021) (non-precedential decision).

On December 20, 2021, Craig filed the PCRA petition underlying this appeal, his third. Therein, Craig renewed his challenge to the trial court's denial of his motion to appeal nunc pro tunc, raised claims of ineffective assistance of counsel that he had raised in his first PCRA petition, and asserted that the Commonwealth violated his rights under **Brady v. Maryland**, 373 U.S. 83 (1963). **See** PCRA Petition, 12/20/2021, ¶¶ 21-72. He also claimed that the trial court misinformed him of the timeframe to file a timely PCRA petition and that the PCRA court failed to inform him of his right to appeal the denial of his first PCRA petition, both of which he claimed satisfied the newly-discovered fact exception to the PCRA's time bar. **See id.** ¶¶ 35. 49-50. Craig subsequently made several filings in the PCRA court, including two motions for writs of coram nobis, an amendment to his third PCRA petition, and a motion for extraordinary relief. Because each of these filings raised substantially the same claims as those raised in Craig's third PCRA petition, the trial court treated each of the filings as amendments to the petition. **See** Trial Court Opinion and Order, 7/17/2023, at 3-5. Ultimately, on July 17, 2023, the trial court dismissed Craig's third PCRA petition as untimely.

Craig timely appealed pro se to this Court. Both Craig and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Prior to addressing the claims Craig raises on appeal, the threshold question we must address is whether he timely filed his third PCRA petition or, alternatively, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

- 4 -

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

The trial court sentenced Craig on October 3, 2017, and thus, his judgment of sentence became final on November 2, 2017, as he did not file a timely direct appeal.[2]  *Id.* § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 903(a) (stating that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").  Craig therefore had until

_____

[2]  Where a PCRA petitioner initially filed a direct appeal from a judgment of sentence that this Court ultimately dismissed as untimely, "[t]he initial untimely filing does not serve to circumvent the clear and unambiguous language of Section 9545(b)(3) and alter the date when the judgment of sentence became final." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019).

November 2, 2018, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). Thus, the instant PCRA petition, which Craig filed on December 20, 2021, is facially untimely, as he filed it well beyond one year of the date his judgment of sentence became final.

Further, Craig has barely alleged, let alone proven, any exception to the one-year time bar. **See generally** PCRA Petition, 12/20/2021; Craig's Brief. Throughout his appellate brief, Craig repeatedly and baldly asserts that he has raised "a claim of newly-discovered facts" but he fails to articulate the nature of this claim. **See, e.g.**, Craig's Brief at iv-viii, 22-23.

From what we can discern, the only arguments Craig attempts to make that he satisfied one of the exceptions to the PCRA's time bar that he also preserved in his PCRA petition are that the trial court misinformed him of the timeframe to file a timely PCRA petition after the court denied his motion to appeal nunc pro tunc and that the PCRA court failed to inform him of his right to appeal the denial of his first PCRA petition in the order dismissing the petition. **See** Craig's Brief at 22-23; **see also** PCRA Petition, 12/20/2021, ¶¶ 35, 49-50. Craig contends that these failings by the trial court satisfy the newly-discovered facts exception to the PCRA's time bar. **See** Craig's Brief at 22-23. He further asserts that he did not discover any of these facts until the trial court denied his second PCRA petition on November 19, 2020. **See id.**

First, with respect to his claim that the PCRA court failed to inform him of his right to appeal the denial of his first PCRA petition in the order dismissing

that petition, our Supreme Court has held that a trial court order is not a "fact" capable of triggering the exception to the time bar under section 9545(b)(1)(ii). **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (rejecting newly-discovered-fact claim based on judicial ruling and stating that "an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.").

Second, as to his claim that the trial court misinformed him of the timeframe to file a timely PCRA petition, Craig entirely fails to substantiate this claim; at no point does he identify the misinformation he received from the trial court. **See** Craig's Brief at 22-23. Likewise, he fails to point to anywhere in the record that would even arguably support his allegation that the trial court misinformed him regarding the time during which he had to file a timely PCRA petition. **See id.**

Further, Craig failed to raise either claim within one year of the date he could have first presented them. **See** 42 Pa.C.S. § 9545(b)(1). The trial court denied Craig's motion to appeal nunc pro tunc on September 14, 2018, and the PCRA court denied his first PCRA petition on February 7, 2019. Craig, however, did not file the PCRA petition underlying this appeal until December 20, 2021, more than three years after the trial court denied his motion to

appeal nunc pro tunc and more than two years after the dismissal of his first PCRA petition.

Craig contends that he could not have raised these claims sooner because he did not discover them until the PCRA court dismissed his second PCRA petition on November 19, 2020. *See* Craig's Brief at 22-23. Our Supreme Court has held that the language of section 9545(b)(1)(ii), which sets forth the newly-discovered fact exception, requires "that the petitioner plead and prove that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Small*, 238 A.3d 1267, 1281 (Pa. 2020) (quotation marks and citation omitted). The Court explained that "[t]his language plainly calls for a circumstance-dependent analysis of the petitioner's knowledge[.]" *Id.* at 1283.

Both Craig's PCRA petition and appellate brief, however, are devoid of any analysis of his due diligence and he asks this Court to blindly accept that he could not have discovered the alleged newly-discovered facts until the dismissal of his second PCRA petition. *See* Craig's Brief at 22-23; *see also* PCRA Petition, 12/20/2021, ¶¶ 35, 49-50. Even if Craig were correct, and he did not have to raise newly-discovered fact claim until after the dismissal of his second PCRA petition on November 19, 2020, he still did not file the instant petition until December 20, 2021—more than a year later. Thus, Craig's claim

that he has satisfied the newly-discovered fact exception to the PCRA's time bar fails on multiple levels.[3]

Accordingly, as Craig has failed to sufficiently plead and prove one of the exceptions to the PCRA's time bar, the PCRA court did not have jurisdiction to decide the merits of Craig's PCRA petition and we likewise lack jurisdiction to consider the claims he raises on appeal. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" of a PCRA petition. ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).[4]

---

[3] We note that Craig also raises a ***Brady*** claim in his appellate brief. ***See*** Craig's Brief at 40-41. In ***Brady***, the United States Supreme Court held that "suppression by the prosecution of favorable evidence to an accused upon request violates due process where the evidence is material either to guilt or to punishment[.]" ***Brady***, 373 U.S. at 87. Craig asserts that the Commonwealth withheld from him evidence of text messages that indicated Schillinger was using crack-cocaine the night Craig stabbed him. ***See*** Craig's Brief at 40-41. Craig, however, fails to raise this claim in the context of any of the exceptions to the PCRA time bar, as he does not indicate how these texts were beneficial to his case, point to any evidence that the Commonwealth actually did withhold the text messages from him, or explain that he could not have discovered them sooner with the exercise of due diligence. ***See*** 42 Pa.C.S. § 9545(b)(1). Thus, Craig's underdeveloped ***Brady*** claim does not satisfy any exception to the PCRA's time limitation.

[4] On January 17, 2025, Craig filed an application for relief seeking for this Court to order the PCRA court to supplement the record with evidence relating to the substance of the ineffective assistance of counsel and ***Brady*** claims underlying his PCRA petition. ***See*** Application for Relief, 1/17/2025. Craig also claims he did not receive a copy of the Commonwealth's brief and he requests that this Court order the Commonwealth to serve him with a copy of its brief and an extension of time for the filing of a reply brief. ***See id.*** We note that record reflects that the Commonwealth did serve Craig with a copy
*(Footnote Continued Next Page)*

Order affirmed.  Application for relief denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/22/2025

_____

of its brief via first-class mail.  Based on our disposition of his appeal, we deny his application for relief.